et al. Let me thank the court reporter for her time and talents. Thank you. Take care. All right. So we have this. This argument is half on submission. So the appellants are not here. They're relying on their briefs. But we do have the two defendants here who wish to be heard. And so so who's going to go first? OK, so that's Mr. Sheen. Mr. Sheen. No, Mr. Dembyzak. Dembyzak. Yes. OK. And you've got four minutes. And remind us who you're representing, Mr. Dembyzak. Good morning, Your Honor. May it please the court. I'm representing the appellees, Fairfield detectives, Frederick Caruso and Frederick Hines and the town of Fairfield. All right. You may proceed. Again, may it please the court. Your honors are quite aware of the history of this case. It's a long custody battle which resulted in the officer's involvement. Essentially, the appellant got an ex parte order in November of 2018 for custody of his children. He attempted to get custody of his children. He was unable to. He then sought out the help of my client, Frederick Caruso. Caruso, a few days later, created a police report. That police report was then given to the guardian ad litem in the custody case. And then there was a hearing set for December 11th, 2018 on the ex parte order. And the officer was there in the courthouse with his report. The hearing never went forward. The incident report was never introduced. But the judge held in abeyance all of the orders because of jurisdictional issues. So that is essentially the crux of the appellant. Nothing in the record indicates that the judge relied on or even saw that report. Correct, Your Honor. Yes. Yeah, the hearing actually never took place. It was an off the record discussion. The officer waited in the hall. There's no evidence in this record that it was introduced. The officer testified, anything of that nature. That forms the central piece of the appellant's case in this situation. And the district court essentially said that that was the Achilles heel to all of the claims. Because the officer's actions did not impair his custodial rights. There's no causation, basically. Correct. There's no connection. Correct. And the appellant's brief took umbrage with some of the manners in which the district court issued summary judgment. First, it claims that it improperly shifted the burden to the plaintiff. But that actually is the appropriate burden. The defendants came forward and showed there was no issue of material fact. Case law maintains the burden then shifts to the plaintiff to come forward with some evidence. The appellants also argued that the court made credibility determinations. It did not. It simply pointed to a lack of evidence provided by the plaintiffs. And that was also the basis for the summary judgment decision. I don't need to go through each of the claims. They're very, very well briefed by the court. Judge Bryant did a very good job articulating the basis of her decision. But essentially, at every turn, the court went back to the fact that this hearing did not impact her custodial rights. And number two, the plaintiffs failed to cite to any evidence admissible to rebut summary judgment. So for those reasons, as well as those stated in our brief, we would ask that the district court's decision be affirmed. All right. Thank you. Thank you. I hear from Ms. Sheehan. You're the guardian, Ms. Sheehan? Yes, correct. May it please the court, my name is Kristen Sheehan. I represent Carmina Hirsch, who was the guardian ad litem. I don't have too much more to add from what Brother Counsel just explained to all of you, with the exception that I wanted to point out that Attorney Hirsch was court appointed to represent the best interests of plaintiffs to minor children. And as part of her appointment, her responsibilities included reviewing police reports, communicating with the children, communicating with the children's school teachers and other school authorities. At the time that Attorney Hirsch and Detective Caruso crossed paths, it was due to conduct created by the plaintiff himself. He filed the ex parte motion, got the order, and also came into contact with Attorney Caruso, seeking the help of the Fairfield Police Department with respect to that order. The trial court properly determined that at all times throughout the guardian ad litem's actions, she was not acting under a color of state law. She was appointed by the court, but she was representing the interests of the children, and there is Connecticut and Second Circuit case law that speaks to that. In addition, I thought the trial court very nicely put the fact that while Attorney Hirsch and Attorney Caruso's paths needed to overlap, they were on parallel tracks, and the plaintiff improperly drew conclusions to state that those paths converged to create some sort of conspiracy. As Brother Counsel pointed out- Well, conspiracy seems to be the principal basis on which the appellants are now arguing we should reverse, right? That's correct. And so do we need to focus on anything more than that? No, Your Honor, and that's because as the trial court pointed out, and as Brother Counsel just mentioned, the Achilles heel here is neither the report nor Attorney Caruso was ever introduced to the trial court. The trial court did not make any determinations with respect to custody, and for conspiracy to really succeed, you have to have a deparation of your right. They're claiming right to familial association, and he was never deprived of that right based on the report or the conduct by my client. All right. Well, thank you. We will reserve decision on this one as well. That concludes our calendar for today. Let me thank our courtroom deputy, and you may adjourn court for the day. Thank you. Court is adjourned.